**THE LAW OFFICE OF**
**ELISA HYMAN, P.C.**

October 6, 2025

The Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *N.S., et al. v. NYC Dep't of Educ.*, 23-cv-9786

Dear Judge Lehrburger:

      Plaintiffs are filing this letter motion requesting leave to file a Second Amended Complaint under Federal Rules of Civil Procedure Rule 15 to add additional claims relating (a) to additional impartial hearing decision issued on behalf of N.S. and K.S. as well as on behalf of A.D. and D.D.1; and (b) to add the claims concerning violations of D.D.1's pendency for the 2025-2026 school year, which are of an emergency nature. A compare version of the proposed Second Amended Complaint ("SAC") and the First Amended Complaint ("FAC") is attached hereto as Appendix A.

**Statement of Facts and Procedural History**

      Plaintiffs are both named plaintiffs in the M.G. Class Action. However, due to the fact that the M.G. Class Action only seeks systemic relief, named Plaintiffs on that case have to keep filing individual actions. Plaintiffs here filed their original complaint on November 5, 2023. ECF No. 1. Defendants never answered and Plaintiffs were granted leave to file their First Amended Complaint ("FAC") which was filed on April 21, 2025. ECF No. 15. Defendants filed their Answer on June 7, 2024.

      K.S. (child of N.S.) has now since aged out of his entitlement to a Free Appropriate Public Education ("FAPE") as of June 2025. This SAC seeks to add his last and final administrative decision to the complaint, which already included claims about a State Review Officer ("SRO") decision and a 2023 administrative decision in his favor. He seeks both additional compensatory education due to failure to implement pendency, as well as failure to implement final decisions, and due to systemic claims (overlapping with the claims in M.G.) relative to the DOE's policies refusing to offer "Autism Services" (Applied Behavior Analysis ("ABA"), 1:1 instruction, and extended school year and/or home-based services).

A.D. had two children in the M.G. Class Action (D.D., who graduated and is no longer entitled to a FAPE) and D.D.1, who is currently in the DOE's system and entitled to receive a FAPE.

The proposed SAC does not add any claims concerning D.D. However, it does add claims concerning D.D.1. First, it adds claims for a subsequent administrative decision in hearing that was issued in A.D. and D.D.1's favor in Case No. 249892. Case No. 249892 was pending at the time the FAC was filed and was referenced in FAC ¶¶ 154. Further, it updates the claims made in the FAC relative to the Defendants' failure to implement D.D.1's stay-put placement when the FAC was filed. Currently, as of June 2024, A.D. filed a new hearing, Case No. 296657, which is pending.

Currently, despite the fact that D.D.1 is entitled to pendency in Case No. 296657, including transportation accommodations, the Defendants are not implementing his pendency, including his transportation accommodations (harness, trained paraprofessional, and limited travel time, as well as supervision by a Board-Certified Behavior Analyst), which is an emergency. Plaintiffs have notified Defendants that they will file a TRO/Preliminary Injunction if this is not resolved. To date, the transportation issues have not been resolved. The transportation issues which are currently urgent, are similar to the delays and deprivations of transportation which were plead when the FAC was filed in 2024. Moreover, A.D. claims that the Defendants are not implementing D.D.1's extended school day related services of occupational therapy and speech and language therapy.

The new school-year claims – while they relate to a different year – are caused by the same systemic issues which caused the similar delays and deprivations in earlier years: the Defendants' systemic policies, practices and procedures regarding Autism Services and Pendency. These challenges were raised in the FAC, and are also raised, in part, in the M.G. Class Action. Further, the claims relating to transportation deficiencies and systemic policies were already raised in the FAC and merely rear their head again, in the 2025-2026 school year.

If the Plaintiff's motion to amend is not granted, Plaintiffs will have to file one or perhaps two entirely new actions to raise the additional claims.

Further, the SAC substitutes the new chancellor, Chancellors Aviles-Ramos for former Chancellor Banks and corrects some minor typographical errors.

**Argument**

Pursuant to the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has "broad discretion in determining whether to grant leave to amend." *See Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Further, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility[.]" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Bensch v. Est. of Umar,* 2 F.4th 70, 81 (2d Cir. 2021). Moreover, "it is rare that [] leave should be denied, . . ., especially when there has been no prior

2

amendment." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citing *Foman*, 371 U.S. at 182); *see also Iglesias v. HRA Pharma Am., Inc.*, No. 22 CIV. 8398 (JHR), 2023 WL 5277424, at *2 (S.D.N.Y. Aug. 16, 2023).

Case law is clear that "[m]ere delay ... absent a showing of bad faith or undue prejudice[ ] does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted). On the issue of prejudice, a court considers, "among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (internal quotation marks and citation omitted). Obviously, "[u]ndue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof." *Id.* (internal quotation marks, alteration and citation omitted). However, mere allegations that an amendment "will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *Christians of Cal., Inc. v. Clive Christian* N.Y., LLP, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014) ( internal quotation marks, alterations and citation omitted). Moreover, Defendants bear the burden of establishing prejudice, bad faith or futility. *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 380 (S.D.N.Y. 2022).

"[A]n important factor for the court to consider when deciding a motion for leave to amend is whether denying leave is likely to lead to the initiation of a second action which encompasses substantially the same factual and legal questions as the initial proceeding." *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996) (*citing H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.,* 112 F.R.D. 417 (S.D.N.Y. 1986)). When, as here, the plaintiffs would initiate an additional action if leave to amend was denied, and the additional action "'would involve most of the exact same facts, circumstances, and questions of law as'" the original action "'denying leave to amend would simply multiply proceedings in this court with no apparent benefit to the parties.'" *See Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 2002 WL 31014833, at *3 (S.D.N.Y. Sept. 10, 2002) (*quoting Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996)).

**Application of the Standard**

Here, analysis of the relevant factors weighs in favor of granting Plaintiffs' motion. There has been no undue delay, bad faith or dilatory motive on the part of Plaintiffs. Moreover, it is in the court's interest to simplify the proceedings and consolidate claims rather than to have multiple, overlapping actions.

Plaintiffs have not delayed in seeking to amend but have acted diligently. The new claims being added are the result of events that post-date the FAC and have happened relatively recently. Additionally, the "delay" has not and will not prejudice Defendants, particularly where, as here, discovery has not yet commenced. Further, there is no "bad faith" or dilatory motive behind Plaintiffs' proposed amended complaint. The proposed SAC will not delay discovery or require new discovery, as discovery has not yet commenced. With the SAC, Plaintiffs simply seek to ensure that Defendants implement all decisions, and the parties can complete any outstanding legal claims that N.S. and A.D. may have against the Defendants, particularly since N.S. and D.D. are no longer entitled to a FAPE.

If the Court denies the motion, Plaintiffs N.S. and A.D. will have to file a new federal action seeking equitable relief, compensatory pendency and attorney's fees. The new action would involve similar questions of law – implementation of IDEA administrative orders, Autism Services policies, practices and procedures, Pendency policies, practice and procedures and Transportation policies, practices and procedures - and involve similar facts and circumstances – albeit involving a different time period. Thus, denial of Plaintiffs' motion to amend would likely result in multiple proceedings in the Southern District of New York, "with no apparent benefit to the parties," but with the risk of inconsistent court orders. *Topps Co., Inc.*, 2002 WL 31014833, at *3. That would leave both N.S. with three separate pending federal cases: the M.G. Class Action, this action and a third action with overlapping claims.

Further, the claims for Section 504 violations that were brought by K.S. and A.D. may rely on being able to prove both (a) multiple year FAPE violations from prior years; and (b) the existence of systemic policies and practices.[1] Thus, here, the claims are related and will require the same discovery.

**Conclusion**

For the reasons set forth herein, Plaintiff requests that the Court grant their motion for leave to file the SAC.

Respectfully submitted,
THE LAW OFFICE OF ELISA HYMAN, P.C.
    */s Elisa Hyman*
By_____
Elisa Hyman, Esq.
1115 Broadway, 12th Floor
New York, NY 10010
646-572-9064
elisahyman@gmail.com
Attorneys for the Plaintiffs

---

[1] Numerous courts have upheld Section 504 claims when, as here, a parent alleges that a district committed numerous violations of the IDEA and/or the student suffered a prolonged deprivation of FAPE. *K.S. ex rel. D.S. v. City of N.Y.*, No. 21-CV-04649 (PAC), 2023 WL 6608739, at *17 n.10 (S.D.N.Y. Oct. 10, 2023) (Section 504 claim pled based on "persistent failure" of the DOE to provide a FAPE); *F.C. v. New York City Dep't of Educ.*, No. 15 CIV. 6045 (PAE), 2016 WL 8716232 at *16 (S.D.N.Y. Aug. 5, 2016) (FAPE was denied for two years and DOE decertified student without a reevaluation, and parent raised systemic claims); *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 33-335 (S.D.N.Y. 2005) (refusing to dismiss Section 504 claims where the district denied FAPE for two years); *R.B. ex rel. L.B. v. Bd. of Educ. of City of New York*, 99 F. Supp. 2d 411 (S.D.N.Y. 2000) (refusing to dismiss Section 504 claims when DOE failed to implement an IEP for five months, failed to develop an interim plan when a child was suspended and failed to implement the untimely interim plan).